U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

2012 JUL 27 PM 4:31

CLERK

BY _____ HBC
DEPUTY CLERK

| | | |
|---|---|---|
| ALESSA CHITTENDEN | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. |
| | ) | 2:12-CV-169 |
| THREE STALLION INN, INC. | ) | |
| Defendant | ) | |

## COMPLAINT

**NOW COMES ALESSA J. CHITTENDEN**, Plaintiff, by and through her

attorneys, Diamond & Robinson, P.C., of Montpelier, Vermont, and by way of Complaint

states the following:

**I.    INTRODUCTION.**

1.    This is an action to redress the wrongful termination of Plaintiff Alessa J.

Chittenden's ("Ms. Chittenden") wrongful termination of employment from the

Defendant Three Stallion Inn, Inc. ("Defendant").  Defendant wrongfully terminated Ms.

Chittenden's employment in violation of her rights under Title VII of the Civil Rights

Act, 42 U.S.C. 2000e *et seq.*, Vermont's Fair Employment Practices Act, 21 V.S.A. §

495, and Vermont's Parental and Family Leave Act, 21 V.S.A. § 470 *et seq.*

2.    This is, also, an action to redress the wrongful termination of Ms.

Chittenden's employment because Defendant breached the terms of its employee

handbook.

3.    Ms. Chittenden seeks damages including, but not limited to, lost wages

and benefits, past, present and future that she otherwise would have earned.

DIAMOND &
ROBINSON, P.C.
ATTORNEYS AT LAW
P.O. BOX 1460
MONTPELIER, VERMONT
05601-1460
———
(802) 223-6166

**II.    JURISDICTION.**

4.      Ms. Chittenden timely filed a charge with the Equal Employment

Opportunity Commission's agent, the Vermont Attorney General's Office.  The Equal

Employment Opportunity Commission issued a right to sue letter on or about April 30,

2012.

5.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1367.


**III.    PARTIES.**

6.      Ms. Chittenden is a resident of Randolph Center, Vermont.

7.      Defendant is a corporation organized and existing under the laws of the

State of Vermont.  Defendant maintains and operates an inn and restaurant located in

Randolph, Vermont.  Upon information and belief, Defendant employed at all relevant

times at least fifteen (15) or more employees.


**IV.    FACTS.**

8.      On or about September, 2009, Ms. Chittenden was hired by Defendant as

a hostess and part time office staff.

9.      After her initial hire, Defendant promoted Ms. Chittenden to perform full

time office duties.  Notwithstanding, her job duties also included working the front desk,

customer service, taking phone calls from the general public, and assisting with the set-up

for meals.

10.     Upon information and belief, Defendant utilized and maintained an

employee handbook that contained a progressive disciplinary policy.

11.     In the fall of 2010, Ms. Chittenden became pregnant.

DIAMOND &
ROBINSON, P.C.
ATTORNEYS AT LAW
P.O. BOX 1460
MONTPELIER, VERMONT
05601-1460

(802) 223-6166

2

12.     On or about November 25, 2010, Ms. Chittenden informed Defendant, by and through her supervisor Laurie Hostetter that she was pregnant.  On or about the same time, Ms. Chittenden requested whether or not Defendant had family leave to cover absences at the time of the birth of her child.

13.     At all relevant times, Ms. Chittenden satisfactorily performed her job.

14.     On February 22, 2011, Defendant, by and through its manager and agent Ms. Hostetter, terminated Ms. Chittenden from her employment without any prior notice or allegation of misconduct.

15.     Upon information and belief, at the time of Ms. Chittenden's termination, there were no other pregnant employees.

16.     At the time of Ms. Chittenden's termination, she had more seniority than all of the remaining office staff.

17.     Shortly after the termination of Ms. Chittenden's employment, Defendant advertised a position with substantially similar job duties.

18.     Ms. Chittenden filed a timely administrative charge with the Equal Employment Opportunity Commission ("EEOC")'s agent, the Vermont Attorney General's Office.

19.     During the course of the Vermont Attorney General's investigation, Defendant's manager and agent Ms. Hostetter provided direct evidence in an interview that its decision to terminate Ms. Chittenden was motivated due to her pregnancy and her need to take leave guaranteed by Vermont's Parental and Family Leave Act.

DIAMOND &
ROBINSON, P.C.
ATTORNEYS AT LAW
P.O. BOX 1460
MONTPELIER, VERMONT
05601-1460

(802) 223-6166

## Count I, Title VII

20.     Ms. Chittenden adopts and realleges paragraphs 1 through 19 of this

Complaint as if set forth in full herein.

21.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*,

prohibits discrimination in the workplace on account of sex and/or pregnancy.

22.     Ms. Chittenden is a member of a protected class because she is a woman

and at all relevant times was pregnant.

23.     Ms. Chittenden satisfactorily performed the duties required by her

position.

24.     Ms. Chittenden was discharged from her employment by Defendant.

25.     Ms. Chittenden's position remained open after her termination.  Upon

information and belief, the position was ultimately filled by a non-pregnant employee.

26.     Ms. Chittenden's termination was motivated due to her pregnancy.

27.     Defendant wrongfully terminated Ms. Chittenden's employment in

violation of Title VII of the Civil Rights Act of 1964.

28.     Upon information and belief, Defendant's actions to wrongfully terminate

Ms. Chittenden, in violation of Title VII, were intentional and malicious.

29.     As a direct and proximate result of Defendant's actions, Ms. Chittenden

has lost wages and benefits, past, present, and future, and other compensable damages.

Such other compensable damages include, but are not limited to, emotional pain,

embarrassment, and humiliation from the wrongful termination.

DIAMOND &
ROBINSON, P.C.
ATTORNEYS AT LAW
P.O. BOX 1460
MONTPELIER, VERMONT
05601-1460

(802) 223-6166

## Count II, FEPA.

30.     Ms. Chittenden adopts and realleges paragraphs 1 through 29 of this Complaint as if set forth in full herein.

31.     Vermont's Fair Employment Practices Act ("FEPA"), 21 V.S.A. § 495 *et seq.*, prohibits discrimination in the workplace on account of sex and/or pregnancy.

32.     Ms. Chittenden is a member of a protected class because she is a woman and at all relevant times was pregnant.

33.     Ms. Chittenden satisfactorily performed the duties required by her position.

34.     Ms. Chittenden was discharged from her employment by Defendant.

35.     Ms. Chittenden's position remained open after her termination.   Upon information and belief, the position was ultimately filled by a non-pregnant employee.

36.     Ms. Chittenden's termination was motivated due to her pregnancy.

37.     Defendant wrongfully terminated Ms. Chittenden's employment in violation of FEPA.

38.     Upon information and belief, Defendant's decision to terminate Ms. Chittenden, in violation of FEPA, was intentional and malicious.

39.     As a direct and proximate result of Defendant's actions, Ms. Chittenden has lost wages and benefits, past, present, and future, and other compensable damages. Such other compensable damages include, but are not limited to, emotional pain, embarrassment, and humiliation from the wrongful termination.

DIAMOND &
ROBINSON, P.C.
ATTORNEYS AT LAW
P.O. BOX 1460
MONTPELIER, VERMONT
05601-1460

(802) 223-6166

## Count III, PFLA

40.      Ms. Chittenden adopts and realleges paragraphs 1 through 39 of this Complaint as if set forth in full herein.

41.      Vermont's Parent and Family Leave Act (PFLA), 21 V.S.A. § 470 *et seq.*, provides that an employee shall be entitled to take unpaid leave up to 12 weeks during an employee's pregnancy and following the birth of the employee's child.

42.      Ms. Chittenden provided timely notice that she would need leave for the birth of her child.

43.      Ms. Chittenden was qualified to perform the duties of her job.

44.      Ms. Chittenden was terminated from her job after providing notice of the need to take leave associated with the birth of her child.

45.      Defendant interfered with and/or retaliated against Ms. Chittenden for seeking to exercise her PFLA rights by terminating her employment.

46.      Defendant's wrongful termination of Ms. Chittenden constitutes a violation of her rights under the PFLA.

47.      Upon information and belief, Defendant's wrongful termination, in violation of the PFLA, was intentional and malicious.

48.      As a direct and proximate result of Defendant's actions, Ms. Chittenden has lost wages and benefits, past, present, and future, and other compensable damages. Such other compensable damages include, but are not limited to, emotional pain, embarrassment, and humiliation from the wrongful termination.

DIAMOND &
ROBINSON, P.C.
ATTORNEYS AT LAW
P.O. BOX 1460
MONTPELIER, VERMONT
05601-1460

(802) 223-6166

## Count IV, Breach of Employee Handbook.

49.    Ms. Chittenden adopts and realleges paragraphs 1 through 48 of this Complaint as if set forth in full herein.

50.    Defendant's creation and/or publication of the employee handbook waived Defendant's right to terminate Ms. Chittenden's employment for any cause or no cause at all.

51.    Defendant violated the provisions of the employee handbook by terminating Ms. Chittenden in contravention of the policies and procedures governing progressive discipline.

52.    In violating the provisions of the employee handbook, Defendant breached its employment agreement with Ms. Chittenden.

53.    As a direct and proximate result of Defendant's actions, Ms. Chittenden has lost wages and benefits, past, present, and future, and other compensable damages. Such other compensable damages include, but are not limited to, emotional pain, embarrassment, and humiliation from the wrongful termination.

## Count V, Covenant of Good Faith and Fair Dealing.

54.    Ms. Chittenden adopts and realleges paragraphs 1 through 53 of this Complaint as if set forth in full herein.

55.    Defendant's wrongful termination of Ms. Chittenden in contravention of the policies and procedures set forth in the employee handbook breached an implied covenant of good faith and fair dealing.

56.    As a direct and proximate cause of Defendant's actions, Ms. Chittenden has lost wages and benefits, past, present, and future, and other compensable damages.

DIAMOND &
ROBINSON, P.C.
ATTORNEYS AT LAW
P.O. BOX 1460
MONTPELIER, VERMONT
05601-1460

(802) 223-6166

Such other compensable damages include, but are not limited to, emotional pain,

embarrassment, and humiliation from the wrongful termination.


   **WHEREFORE, MS. CHITTENDEN** requests that this Court:

   1.   Accept jurisdiction of this case;

   2.   Issue declaratory judgment that Defendant's actions violated Title VII,

FEPA, and/or PFLA.

   3.   Award Ms. Chittenden compensatory damages including, but not limited

to, lost wages and benefits, past, present and future as established at trial.

   4.   Award Ms. Chittenden compensatory damages for emotional pain,

embarrassment, and humiliation from the wrongful termination as established at trial.

   5.   Award Ms. Chittenden punitive damages.

   6.   Award Ms. Chittenden pre-judgment and post-judgment interest to the

maximum extent allowed by law.

   7.   Award Ms. Chittenden attorney's fees and costs.

   8.   Grant such other and further relief as the Court deems just and proper.

   DATED at Montpelier, Vermont this 27th day of July, 2012.

                                        DIAMOND & ROBINSON, P.C.

              By:   _____
                                        Joshua R. Diamond, Esquire
                                        Attorney for Plaintiff
                                        P.O. Box 1460
                                        Montpelier, VT 05601-1460
                                        (802) 223-6166
                                        jrd@diamond-robinson.com

DIAMOND &
ROBINSON, P.C.
ATTORNEYS AT LAW
P.O. BOX 1460
MONTPELIER, VERMONT
05601-1460

(802) 223-6166